1  Vincent M. Spohn, Esq. (CSB No. 092334)
2  Law Offices of Vincent Martin Spohn, A.P.C.
   1005 Jefferson Street, P.O. Box 5748
3  Napa, California 94581-0748
   Telephone:   (707) 255-1885
4  Facsimile:   (707) 255-0974

5
   Attorney for Plaintiffs
6  BRIAHNA RAY and KYMBERLI DENNETT
7

8                  UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  KYMBERLI DENNETT, an individual; and      Case No.: **CV 14 0073**
12  BRIAHNA RAY, an individual,

13                  Plaintiffs,               **COMPLAINT FOR DAMAGES
                                              AND DEMAND FOR JURY TRIAL**
14
    v.
15
16  GARRETT WADE, a police officer;
    THOMAS KEENER, a police officer; CITY
17  OF NAPA POLICE DEPARTMENT; and
    DOES 1 through 20, inclusive.
18
19                  Defendants.

20      **COMES NOW, KYMBERLI DENNETT AND BRIAHNA RAY,** who as Plaintiffs

21  allege for all causes of action:

22                               **I.**

23                         **JURISDICTION**

24

25      This complaint for damages contains causes of action arising under Federal Law.  This

26  District Court has jurisdiction over the Defendants pursuant to Section 1983 of Title 42 of the

27  United States Code.

28

    _____
                                                                         1
    COMPLAINT

## II.

## VENUE

The claims alleged herein arose in the County of Napa, California, thus venue lies in the Northern District of California.

## III.

## INTRODUCTORY STATEMENT

1.     This is a complaint for damages by Kymberli Dennett ("Dennett") and Briahna Ray ("Ray") against Defendants for various violations of 42 U.S.C. 1983 including, but not limited to, excessive force.

2.     On January 7, 2012, in direct contravention of Federal Law, officers of the City of Napa Police Department named Garrett Wade (hereinafter "Defendant Wade") and Thomas Keener (hereinafter "Defendant Keener") unlawfully used excessive force on Plaintiffs Dennett and Ray and made criminal threats against them, as hereinafter set forth.

3.     On January 7, 2012, at 2231 Mayfair Drive, Napa, California, Defendants Wade and Keener aggressively approached a window of a residential structure with a police dog. The structure was the home of Plaintiff Kymberli Dennett. The two officers ripped a screen off a window. Defendant Wade yelled "Kymberli Dennett, probation search." Plaintiff Kymberli Dennett told the officer she was not on probation and had the documents to prove it. The officers forcefully entered the front door and tackled Plaintiff Kymberli Dennett on the floor and dragged her out onto the front porch, throwing her onto the ground, forcing her face down to the ground on her knees, all before allowing her time to search for her records to prove she was not on probation. Defendant Wade pinned Plaintiff Dennett down and forced her hands behind her back. Plaintiff Dennett had physical conditions which made her vulnerable to such force.

Defendant Wade battered Plaintiff Dennett, all causing her physical injury and pain.

4.     The incident was witnessed by neighbors, which has caused embarrassment and shame to Plaintiff Kymberli Dennett.

5.     Plaintiff Briahna Ray, at the beginning of the events described hereinabove was visiting friends nearby. She ran to the house where her mother, Plaintiff Dennett, was yelling. Upon seeing her mother's face pinned to the ground by the officers, Plaintiff Ray told the officers her mother was not on probation. She was then punched in the neck.

6.     Defendant Keener then picked up Plaintiff Ray and, flipping her, slammed her onto the ground, causing her to hit her head on a cinder block, and causing her teeth (which were being straightened by braces) to be forced into her lips. Her forehead was cut, and her face was covered with blood. Both Defendants Wade and Keener tackled her and placed her in handcuffs.

7.     The Defendants told her she would be arrested for resisting arrest and taken to jail.

8.     On the way to jail, Defendant Keener asked her, "No hard feelings, right?" Plaintiff Ray was booked and later released.

9.     Plaintiff Dennett was not on probation at the time of these events.

## IV.

## THE PARTIES

10.     Plaintiffs Dennett and Ray are single women who at all material times were residing in Napa, California. Plaintiff Dennett is the mother of Plaintiff Ray.

11.     Defendant City of Napa Police Department was at all material times a duly incorporated political entity in the State of California.

12.     Defendant Wade and Defendant Keener are individuals employed at Defendant

COMPLAINT

3

City of Napa Police Department as a police officer.

13. Plaintiffs Dennett and Ray are informed and believe, and therefore allege, that Defendant City of Napa Police Department is at all material times the employer of Defendants Wade and Keener. Defendants Wade and Keener used excessive force against Plaintiffs.

14. Defendant City of Napa Police Department is responsible and required under the California Constitution to enforce statutes. It is responsible for the development and the review of policies and procedures; providing direction for law enforcement officers; administrating day-to-day operations; assuring that the City of Napa uses its resources to enforce law; for assuring appropriate and timely training for department personnel on the laws for which they are responsible for enforcing; for conducting personnel complaint investigations and internal audits; to protect all life and property; to provide service, security and safety to the community as directed by law and moral responsibility, and to keep the community safe through communication, leadership, and technology.

15. Defendant Does 1 through 20 were and are at all times relevant to this complaint employed by the City of Napa Police Department. Plaintiff is informed and believes and thereon alleges that Does 1 through 20, and each of them, had a role in the constitutional violations giving rise to this complaint.

16. The true names and capacity of Defendant Does 1 through 20 are presently unknown to Plaintiffs. Plaintiffs sue Defendant Does 1 through 20 by fictitious names and will seek leave to amend this complaint to add their true names when the same has been ascertained.

17. Plaintiffs allege on information and belief that each Defendant including Does 1 through 20 is responsible in some manner for the injuries alleged herein. Plaintiffs allege on information and belief that each of the individual Defendants, including Does 1 through 20 was

4

acting on his or her official capacity and within the scope and course of his or her duties as an employee of the City of Napa Police Department.

18. At all times herein mentioned, each individual Defendant was acting under color of law.

19. Defendant Wade and Defendant Keener acted with malicious and deliberate indifference, and with callous and reckless disregard of the constitutional rights of Plaintiffs Dennett and Ray as to constitute malice carrying out the complained of acts.

20. The actions and/or admissions of each Defendant, and all of them, were the cause of physical pain and suffering, mental anguish and distress, financial and property loss, constitutional indignities, and fear and anxiety to the Plaintiffs in an amount according to proof.

21. Each Defendant in both his or her individual and official capacity knowingly or with gross negligence, or with deliberate indifference to the rights violated, failed to properly train, supervise, re-train if necessary, monitor, or to take corrective action with respect to employees including deputies, officers, and administrators, and with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by Plaintiffs.

## FIRST CAUSE OF ACTION

### 43 U.S.C. Section 1983: 4th Amendment Violation—Excessive Force

### Plaintiffs Against all Defendants

22. Plaintiffs reallege and incorporate by reference each allegation in all previous paragraphs above as stated herein in this cause of action.

23. Plaintiffs Dennett and Ray allege that they were subjected to excessive force and/or the threat of excessive force at the orders of and/or by Defendants Wade and Keener.

5

COMPLAINT

24.     Some of the Defendants were directly responsible for the use of illegal force upon Plaintiffs. The exact names of such Defendants are not now known to Plaintiffs, who will amend their complaint when the same become certain.

25.     Other Defendants witnessed the illegal detention and seizure being accomplished with the use of illegal force, and had the opportunity and power to intervene and prevent or stop the illegal force, but did not; while others supported the illegal force either directly or by lending their presence and authority to the use of illegal force.

26.     The actions of the Defendants violated the civil rights of Plaintiffs Dennett and Ray secured to them by the Fourth Amendment to the United States Constitution, and were a source of injury, loss and harm to each of them.

WHEREFORE, Plaintiffs pray for Judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

### 42 U.S.C. Section 1983: Supervisory Liability

### Plaintiffs Against all Defendants

27.     Plaintiffs reallege and incorporate by reference each allegation in all previous paragraphs above as stated herein in this cause of action.

28.     Defendants condoned, ratified, encouraged, ordered, and/or acquiesced in their subordinates' Fourth Amendment violations cited herein above.

29.     Defendants demonstrated a deliberate indifference to and/or reckless disregard of Plaintiffs' constitutionally protected rights. They could have intervened and prevented the challenged unconstitutional conduct.

30.     Defendants also caused Plaintiffs Dennett and Ray to be subjected to their subordinate's infliction of constitutional injuries. The causation occurred through (1) personal

COMPLAINT

6

involvement in the constitutional deprivation and/or (2) causal connection between the supervisor's wrongful failure to act and to correct their subordinates and their constitutional violations.

31.     The actions of Defendants violated the civil rights of Plaintiffs Dennett and Ray secured to them by the Fourth Amendment to the United States Constitution and were a source of injury, loss, and harm to each of them.

32.     The actions of Defendants violated the civil rights of Plaintiffs Dennett and Ray secured to them by the Fourth Amendment to the United States Constitution and were a source of injury, loss, and harm to each of them.

WHEREFORE, Plaintiffs pray for Judgment as hereinafter set forth.

## THIRD CAUSE OF ACTION

### 42 U.S.C. Section 1983:  Constitution Failure to Train/Supervise

### Plaintiffs Against all Defendants

33.     Plaintiffs reallege and incorporate by reference each allegation in all previous paragraphs above as stated herein in this cause of action.

34.     Plaintiffs Dennett and Ray allege that Defendants have a policy, custom or procedure of following a course of inaction regarding implementation of adequate procedural safeguards to ensure that rogue deputies do not engage in misconduct, and are not allowed to use unreasonable force by claiming non-existent crimes, exigencies or consents.

35.     Plaintiffs allege that the Defendant City of Napa Policy Department has and had a policy, custom or procedure of failing to timely investigate, discipline and/or retain and/or discharge police officers who use or threaten to use excessive force or who engage in intimation.

36.     Defendant City of Napa Police Department's unconstitutional customs, policies,

7

COMPLAINT

practices or procedures herein are a proximate cause of Plaintiffs Dennett's and Ray's damages and injuries as set forth in this complaint.

WHEREFORE, Plaintiffs pray for Judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### 42 U.S.C. Section 1983: 14th Amendment—Violation of Due Process

### Plaintiffs Against all Defendants

37.     Plaintiffs reallege and incorporate by reference each allegation in all previous paragraphs above as stated herein in this cause of action.

38.     Plaintiffs Dennett and Ray allege that Defendants violated their right to bodily security and integrity.

39.     Plaintiffs Dennett and Ray allege that Defendants used legal process for a wrongful purpose.

40.     Plaintiffs Dennett and Ray allege that Defendants violated their right to liberty by intentional physical abuse without justification.

41.     Plaintiffs Dennett and Ray allege that Defendants created a dangerous situation wherein they placed Plaintiffs in danger, increased Plaintiffs' risk of harm, and acted to render the Plaintiffs more vulnerable to danger. Plaintiffs further allege that Defendants did this with either intent to harm or an attempt to place a person unreasonably at risk of harm.

42.     Defendants failed to conduct their investigation and ensuing prosecution fairly and objectively and with a view toward attaining truth and/or justice.

43.     Defendants recklessly and/or intentionally failed to investigate exculpatory information, deliberately ignored exonerating information which would have shown that Plaintiffs were lawfully acting, and Defendants failed to obtain or preserve important evidence

8

COMPLAINT

and manipulated the investigative process.

44.    Defendants' actions as set forth in this cause of action were a cause of physical and emotional harm and financial deprivation.

WHEREFORE, Plaintiffs pray for Judgment as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### Battery

### All Plaintiffs Against Defendants Garrett Wade and Thomas Keener

45.    Plaintiffs reallege and incorporate by reference each allegation in all previous paragraphs above as stated herein in this cause of action.

46.    Defendants Wade and Keener caused Plaintiffs to be touched with the intent to harm or offend them.

47.    The touching of Plaintiffs Dennett and Ray was unlawful.

48.    Plaintiffs Dennett and Ray did not consent to be touched.

49.    Plaintiffs Dennett and Ray were harmed and offended by the conduct of Defendants Wade and Keener.

50.    The actions of Defendants Wade and Keener were malicious and oppressive and justify the imposition of punitive damages.

WHEREFORE, Plaintiffs pray for Judgment as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### Plaintiffs Against Defendant Garrett Wade and Defendant Thomas Keener

51.    Plaintiffs reallege and incorporate by reference each allegation in all previous paragraphs above as stated herein in this cause of action.

9

COMPLAINT

52.     The conduct and omissions of Defendants Wade and Keener were willful, malicious, outrageous, deliberate, and intended to inflict emotional distress against Plaintiffs Dennett and Ray.  Such acts and omissions were in reckless disregard of the probability they would cause Plaintiffs emotional distress.  These acts and omissions legally resulted in severe and emotional distress.

53.     As a direct and legal result of the acts and omissions of Defendant Wade and Defendant Keener, Plaintiffs incurred severe mental and emotional suffering, fright, anguish, shock, nervousness and anxiety.  Plaintiffs continue to be fearful, anxious and nervous.  Plaintiffs required physiological treatment as a result of the incident described herein, which treatment will continue for an indeterminable length of time, causing damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for Judgment as hereinafter set forth.

## PRAYER

1.     On all causes of action for general, special, and compensatory damages according to proof, for attorneys' fees and costs of suit, for interest on damages as authorized by law, and in addition thereto;

2.     For punitive damages against individual Defendants in an amount according to proof for the actions described in the Fifth and Sixth Causes of Action;

3.     For such other and further relief as the Court deems just and proper.

COMPLAINT

10

1

### DEMAND FOR JURY TRIAL

2    Plaintiffs Kymberli Dennett and Briahna Ray hereby demand a jury trial.

3

4    Dated: January 6, 2014                LAW OFFICES OF VINCENT M. SPOHN, A.P.C.

5

6                                    By_____

7                                         VINCENT M. SPOHN
                                         Attorney for Plaintiffs
8                                         KYMBERLI DENNETT AND BRIAHNA RAY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

COMPLAINT

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California   ▼

|  |  |
|---|---|
| KYMBERLI DENNETT, an individual; BRIAHNA RAY, an individual, | ) ) ) ) |
| *Plaintiff(s)* | ) ) |
| v. | ) Civil Action No. **CV 14 0073** |
| GARRETT WADE, a police officer; THOMAS KEENER, a police officer; CITY OF NAPA POLICE DEPARTMENT; and DOES 1 - 20, inclusive, | ) ) ) ) |
| *Defendant(s)* | ) ) |

LB

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* GARRETT WADE, a police officer and all named Defendants

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Vincent M. Spohn, Esq. (CSB #092334)
LAW OFFICES OF VINCENT M. SPOHN, A.P.C.
1005 Jefferson Street
Napa, CA 94559
(707) 255-1885

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Simone Voltz

Date:          01/06/2014

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                              .

☐ I personally served the summons on the individual at *(place)*

                                       on *(date)*                              ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

                               , a person of suitable age and discretion who resides there,

on *(date)*                              , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*                                                                          , who is

designated by law to accept service of process on behalf of *(name of organization)*

                                       on *(date)*                              ; or

☐ I returned the summons unexecuted because                                                                          ; or

☐ Other *(specify):*

My fees are $                    for travel and $                    for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:

                                       *Server's signature*

                                       *Printed name and title*

                                       *Server's address*

Additional information regarding attempted service, etc: